# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

AUBIN G. LOCKE, as Administrator, etc., of JOHN D. LOCKE, Deceased, Appellant, v. JAMES W. COVERT, as Receiver of the John D. Locke Company (Limited), Respondent.

THE PEOPLE OF THE STATE OF NEW YORK v. THE JOHN D. LOCKE COMPANY (Limited).

*Costs — when a receiver of a corporation will be directed to pay them.*

APPEAL from an order denying a motion to compel payment by the receiver of a domestic corporation of so much of a judgment against him as awarded costs and an allowance.

The moving party is an administrator who, after resistance by the receiver, finally obtained judgment against him, in an action brought against the corporation before his appointment. After the dissolution of the corporation the receiver served an answer denying nearly all the material allegations in the complaint and defended the action. Upon the trial, at which the receiver was represented by counsel and opposed the plaintiff's claim, the plaintiff's six causes of action were proved by entries in the books of the corporation then produced by the receiver in obedience to a subpœna. The complaint contained copies of these entries in these books. The receiver has on deposit in a trust company more than ten times the amount of the costs and allowance. All other claims against him which are entitled to a preference have been paid.

The court at General Term said : " The receiver is the custodian of a fund subject to the direction of the court to pay it out to parties establishing claims thereupon. The costs of the action were incurred for the benefit of the fund. It is, therefore, equitable that the expenses of the effort should be borne by the fund in whose

behalf they were incurred. In the language of Justice WOODRUFF, this is not giving a preference to a debt as such; it is requiring the fund to pay an expense incurred for its own benefit. The case of *Shields* v. *Sullivan* (3 Dem., 296) is in point and to the same effect. It follows that the motion to require the receiver to pay the costs should have been granted."

Order reversed, with ten dollars costs and disbursements.

*Roger Foster*, for the appellant.

*Denis O'Brien*, attorney general, for the people, and *Porter & Kelvert*, for the receiver, respondent.

Opinion by PRATT, J.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order reversed, with costs and disbursements.